UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br><br>DARRYL E. JACKSON,<br><br>                    Defendant. | No. CR-94-284-FVS<br><br><br>ORDER |

**THIS MATTER** comes before the Court for consideration of the defendant's motion to vacate.  For the reasons set forth below, it is denied.

**BACKGROUND**

On June 28, 1995, judgment was entered against the defendant. The Ninth Circuit affirmed on May 28, 1996.  *United States v. Jackson*, 84 F.3d 1154, 1161 (9th Cir.), *cert. denied*, 519 U.S. 986, 117 S.Ct. 445, 136 L.Ed.2d 341 (1996).  Since then, the defendant has applied for post-conviction relief on several occasions.  Initially, he filed a motion to vacate pursuant to 28 U.S.C. § 2255.  The Court denied this motion on November 17, 1997.  On May 15, 1998, the Ninth Circuit denied the defendant's request for a certificate of appealability.  On February 8, 1999, he filed a motion pursuant to Federal Rule of Civil Procedure 60(b) asking the Court to vacate its order of November 17, 1997.  The Court construed this motion as a

ORDER - 1

second § 2255 motion and, on February 16, 1999, stayed action on the motion so the defendant could apply to the Ninth Circuit for a certificate authorizing this Court to consider his motion.  At some point thereafter, the defendant filed a petition with the circuit court seeking a writ of mandamus.  On May 27, 1999, the Ninth Circuit denied his petition for a writ of mandamus.  On June 21, 1999, the defendant filed a notice of appeal seeking review of this Court's order of February 16, 1999.  On February 1, 2000, the Ninth Circuit denied his request for a certificate of appealability.  On April 25, 2002, the defendant filed another Rule 60(b) motion.  The Court construed this motion as a § 2255 motion, and, on May 1, 2002, denied it.  On March 3, 2003, the Ninth Circuit denied his request for a certificate of appealability.  On May 7, 2004, he filed a petition in the Central District of California seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  A District Judge ruled that his habeas petition was, in fact, a § 2255 motion; that he had not demonstrated the remedy provided by § 2255 is inadequate or ineffective; and that his request for collateral relief had to be decided by the sentencing court.  Accordingly, the Judge transferred the matter this District.  On July 30, 2004, this Court refused to consider the defendant's request because it was a second or successive § 2255 motion and the defendant had not obtained an order from the Ninth Circuit authorizing this Court to consider his motion.  28 U.S.C. § 2244(b)(3).  The defendant filed a notice of appeal, but the Court refused to issue a Certificate of Appealability.  On October 29,

2004, the Ninth Circuit upheld this ruling.  Eight months elapsed. On July 14, 2005, the defendant filed another habeas petition in the Central District of California challenging the validity of the judgment entered against him in this District.  The 2005 petition raises essentially the same issues as the 2004 petition.  Indeed, the supporting memoranda filed by the defendant are very similar.  On August 26, 2005, a Magistrate Judge in the Central District transferred the matter to this District.  On September 6, 2005, the defendant filed a paper entitled "Notice of Petition for Writ of Mandamus."  He asks this Court to command the Magistrate Judge in the Central District of California to rescind his order transferring the defendant's motion to this District.

**RULING**

The defendant claims he is innocent of the crime of which he has been convicted.  Although, in certain circumstances, a person may assert a claim of actual innocence under § 2241, *see Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir.2003), the defendant may not do so because he has failed to demonstrate both that he is legally innocent of the crime of which he has been convicted and that he never has had an unobstructed procedural shot at presenting this claim.  *See id.* at 1060 (internal punctuation and citations omitted).  That being the case, the Magistrate Judge in the Central District of California correctly construed the defendant's 2005 habeas petition as a § 2255 motion and transferred it to this District for resolution.  This Court may not consider the merits of the defendant's § 2255 motion

ORDER - 3

unless and until he obtains approval from the Ninth Circuit.  28 U.S.C. § 2244(b)(3).  *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir.1998) (moving party's failure to request permission from the Ninth Circuit to file a successive § 2255 petition means that the district court lacks jurisdiction over the motion).

**IT IS HEREBY ORDERED:**

Both the defendant's motion to vacate (**Ct. Rec. 184**) and his "Notice of Petition for Writ of Mandamus" (**Ct. Rec. 185**) are **denied** because the Court lacks authority to consider them.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the government.

**DATED** this   13th    day of September, 2005.

>  s/Fred Van Sickle
>  Fred Van Sickle
>  Chief United States District Judge

ORDER - 4